UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN TERRELLE MYERS**     DOC #524486 | : | **CIVIL ACTION NO. 14-cv-3545**     **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **TERRY TERRELL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Johnathan Terrelle Myers (hereinafter "Myers"). Myers is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is currently incarcerated at David Wade Correctional Center in Homer, Louisiana. He complains, however, of events that occurred while he was incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

As defendants, Myers names ACC Warden Terry Terrell; ACC Majors Travis Skinner and C. Victorian; ACC Lieutenant Melissa Linzer; ACC Captains G. Wise, Thomas, and Selgraph; ACC Sergeants Richard Carlson, Brandon Herbert, and Jackson; Mrs. Harmon; and LDOC Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Myers alleges that on December 29, 2013, defendant, Lt. Melissa Linzer, made an urgent call for help on her radio claiming that he had assaulted her. Doc. 1, att. 1, p. 6. When Myers saw

Linzer make the call he states that he placed his hands behind his back and identified himself as the alleged perpetrator to responding Officer Breitkreuz.  Doc. 1, att. 1, p. 7.  Breitkreuz handcuffed Myers and began to escort Myers out of the area but was intercepted by defendant Skinner.  *Id.*  Myers alleges that Skinner slammed him against the wall and began questioning him, making threats, and making false allegations.  *Id.*  After questioning him, Myers claims Skinner instructed Officers Herbert and Carlson to bring him to the cell block.  *Id.* at p. 8.  Myers states that Skinner ordered Herbert and Carlson to slam him to the ground, which they did.  *Id.*  Myers states that this excessive force caused him "pain, suffering, minor injury, and…emotional distress."  *Id.* at p. 18.

According to Myers, defendant Skinner had Myers brought to the cell block office where Skinner forcefully placed his right foot in Myers' crotch.  *Id.* at p. 9.  Myers asked Skinner to remove his foot, which he did, but only after applying more pressure.  *Id.*  At this point, Myers told Skinner that Linzer fabricated the story to hide the fact that she and Myers had a sexual relationship.  *Id.* at pp. 9-10.  Myers alleges that Skinner then began verbally abusing him.  *Id.* at p. 10.  Myers was escorted back to his cell by defendant Selgraph, who he claims also verbally abused him.  *Id.*  Later that day, a detective from the Oberlin Police Department informed Myers that he would be charged for the assault on Linzer.  *Id.* at p. 11.

Myers alleges that, on December 30, 2013, he received a disciplinary report from defendants Victorian and Skinner alleging that he had resisted arrest during the December 29, 2013, incident.  *Id.*  A hearing was scheduled for that day but, upon Myers' request, the hearing was moved to January 13, 2014.  *Id.*

Myers claims that, on January 2, 2014, defendant Wise placed him on administrative segregation lockdown which Myers claims was an act of retaliation for the alleged assault against Linzer.  *Id.* at pp. 11, 20.  Myers claims that on January 3, 2014, he gave officers Langley and Garnett a condom which he claimed had DNA evidence to prove his sexual relationship with

Linzer. *Id.* at pp. 11-12.  Myers states that he was later swabbed for DNA analysis and defendant Linzer was also questioned and swabbed. *Id.* at pp.12-13.

Myers also states that on January 7, 2014, officers Jackson and Manuel conducted a shakedown of Myers' cell and removed some of his documents and photographs. *Id.* at 13.  He alleges that defendant Jackson told him that the shakedown was "for Linzer" and was an act of retaliation. *Id.* at pp. 13, 20.

Myers' disciplinary hearing was held on January 13, 2014.  Myers chose to represent himself and he claims that defendant Wise asked him not to talk about his sexual relationship with Linzer. *Id.* at p. 13.  Myers was found guilty of two counts of defiance, one for the alleged assault on Linzer, and the other for resisting arrest. *Id.* at p. 14.  He was sentenced to a custody change to maximum, 84 days loss of canteen privileges, 84 days loss of phone privileges, and 84 days loss of recreational privileges.  Doc. 1, att. 2, pp. 15, 16.  Myers' appeals were denied. *Id.* at p. 14.

Myers alleges that his March 17, 2014, transfer from ACC to David Wade Correctional Center was an act of retaliation for grievances that he filed concerning the incidents in question. *Id.* at p. 21.

As relief for the alleged violations of his Eighth Amendment rights detailed above, Myers seeks declaratory relief and compensatory damages. *Id.* at pp. 22-23.

## II.
### LAW AND ANALYSIS
#### A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,*

157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that Myers has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Myers' allegations as true and giving him the benefit of every doubt, the court concludes, for the reasons stated, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### C. *Loss of Privileges and Custody Change*

Myers complains that he lost eight 84 days of telephone, canteen, and recreational privileges, had a change in custody status to maximum, and was placed in segregation. These claims present a potential deprivation of liberty interests in violation of the due process clause of the Fourteenth Amendment. However, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner,* 515 U.S. 472, 478 (1995).

Federal jurisprudence holds that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *See Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). Thus, mere "changes in the conditions of … confinement … do not implicate due process concerns." *Id.* at 768; *see also Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999)("Inmates have no protectable property or liberty interest in custodial classifications.").

Myers' change in status and loss of privileges did not amount to an "atypical" hardship, *see Sandin, supra; Meachum v. Fano,* 427 U.S. 215, 228 (1976), and his claims should be dismissed.

### D. *Use of Force*

Myers alleges that defendants Herbert and Carlson used excessive force when they threw him to the ground following the incident in question.

Myers must be aware that the use of force may sometimes be justified in a prison setting. He admits that he was convicted of disciplinary rules violations as a result of this incident. Thus,

his claims are barred as the disciplinary or criminal convictions have not yet been overturned or called into question.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997)(A "conviction" for purposes of the *Heck* analysis includes a ruling in a prison disciplinary proceeding.)  In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254….
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

*Heck*, at 486-487.

It is abundantly clear that a favorable judgment in Myers' favor in this proceeding would, of necessity, call into question the validity of the underlying disciplinary proceedings; therefore, he cannot obtain monetary damages relative to the disciplinary convictions until such time as they have been reversed, expunged, or otherwise set aside.  Thus, to the extent that he seeks monetary damages for his prison disciplinary conviction, his claims must be dismissed as frivolous.

### E.  Retaliation

Myers claims that he was retaliated against by defendants Wise and Jackson.

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).  However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest

federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Myers' complaint makes conclusory allegations in support of his claim. Such allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. Myers' allegations of retaliation are insufficient to state a claim and these claims should be dismissed.

### F. Verbal Harassment

Myers complains that the defendants harassed him by subjecting him to verbal abuse and threats.

Myers should be aware that his claims fail to raise a federal constitutional claim. The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995) (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). *See also Bender v. Brumley,* 1 F.3d 271,

274 n. 4 (5th Cir. 1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

### III.
### CONCLUSION

For the reasons stated,

**IT IS RECOMMENDED** that Myers' civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE