UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNATHAN TERRELLE MYERS**  DOC #524486 | : | **CIVIL ACTION NO. 14-3545**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **TERRY TERRELL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### AMENDED REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Johnathan Terrelle Myers (hereinafter "Myers"). Myers is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana. He complains, however, of events that occurred while he was incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

In our original Report and Recommendation we recommended dismissal of Myers' use of force claim against defendants Herbert and Carlson and their alleged use excessive force when they threw him to the ground. We did not, however, address Myers' use of force claim against defendant Skinner who he alleges forcefully put his foot on his crotch. This Amended Report and Recommendation addresses that claim.

Myers alleges that defendant Skinner forcefully placed his foot on Myers' crotch when he, Myers, was in the cell block office. Doc. 1, att. 1, p. 9. He states that he asked Skinner to remove his foot, which he eventually did, but only after applying more pressure to his crotch. Myers does not allege that he was injured in any matter from the incident. *Id.*

To state a claim under 42 U.S.C. § 1983 plaintiff must allege an actual injury caused by the defendant's acts.  *See Brock v. Sparkman*, 101 Fed. Appx. 430 (5th Cir.2004) (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308-09 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury).  Additionally and pursuant to the Prison Litigation Reform Act "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e), *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997).  For purposes of this statute, the physical injury must be more than *de minimis*.  *Id.*

In this case, plaintiff has not alleged ***any*** injury, much less *de minimis* injury, caused by Skinner's conduct.  He prays for injunctive relief and compensatory damages against Skinner but he does not state that he suffered any health problems as a result of Skinner's actions.

For these reasons,

**IT IS RECOMMENDED** that Myers' civil rights complaint for excessive use of force against defendant Skinner be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers this 24th day of May, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE